1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Ta'Laura McCalla,                         No. CV-20-01561-PHX-JAT

10               Plaintiff,                     **ORDER**

11   v.

12   ACE American Insurance Company, et al.,

13               Defendants.

14

15         Pending before the Court is a discovery dispute between the parties.  As the Court

16   understands the facts of this case, Plaintiff was employed by Sprouts (who is not a party to

17   this litigation).  (Doc. 1-2 at 11).  Defendant ACE is the insurance company that insures

18   Sprouts' workers compensation claims.  (Doc. 1-2 at 10).  Plaintiff made such a claim.

19   Defendant CorVel is a third-party administrator hired by ACE to administer Plaintiff's

20   claim.  (Doc. 1-2 at 11-12) (this sentence of the complaint is written in passive voice and

21   does not actually say who hired CorVel; the Court has had to assume that ACE is the hiring

22   party).

23         Plaintiff alleges that Sprouts directed CorVel to authorize only conservative

24   treatment because Sprouts did not wish to spend its $500,000.00 deductible. (Doc. 44 at 3).

25   In an effort to prove these facts (and the claim that CorVel adhering to Sprouts' alleged

26   desires was bad faith), Plaintiff seeks certain claims notes of CorVel's, which are listed in

27   Doc. 44, page 1.

28         It appears to be undisputed that these notes reside in CorVel's files, that CorVel has

1   possession, custody and control of them, and that CorVel is familiar with their contents.

2   CorVel has redacted the content of these notes arguing that they are protected by either

3   work product privilege or attorney client privilege, relying on the fact that the notes reflect

4   the discussions with *Sprouts*' legal counsel (and other Sprouts' personnel). CorVel

5   concludes, "the redacted documents involve the attorney-client privilege and/or work

6   product of a nonparty, Sprouts. As a result, CorVel is not in a position to waive any

7   privileges of this nonparty, prompting the redactions. CorVel's counsel did contact Sprouts

8   to determine whether it would agree to waive these privileges and Sprouts answer was

9   no….CorVel maintains that any communications between it and Sprouts legal department

10   cannot be disclosed by CorVel because it is not the holder of any privileges." (Doc. 44 at

11   2, 3).

12         Preliminarily, the Court finds that CorVel lacks standing to assert privilege over

13   these redacted claims notes.

> 14   It is axiomatic that standing requires the party requesting relief to have a
> 15   personal legal interest in the subject matter of the dispute. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). In the context of the attorney-client privilege, the relevant legal interest—(*viz.,* the privilege)—belongs to
> 16   the attorney's client. *Chirac v. Reinicker,* 24 U.S. 280 (1826); *United States v. Partin,* 601 F.2d 1000, 1009 (9th Cir. 1979). This means that a third party,
> 17   like Tsambis, cannot assert the attorney-client privilege to avoid disclosure. *See e.g., United States v. Fortna,* 796 F.2d 724, 732 (5th Cir.1986) (stating
> 18   that the attorney-client privilege cannot be asserted vicariously).

19   *Exobox Techs. Corp. v. Tsambis*, No. 2:14-CV-501-RFB-VCF, 2014 WL 4987903, at *5

20   (D. Nev. Oct. 7, 2014).

21         Here, CorVel does not claim that the notes reflect *CorVel's* privileged information;

22   thus, CorVel cannot assert the privilege vicariously for Sprouts.  As such, the Court will

23   give Sprouts the opportunity to assert privilege over these notes.

24         Additionally, on this record, it appears that by Sprouts voluntarily disclosing their

25   alleged attorney communications and work product to third party CorVel, Sprouts has

26   waived any claim of privilege.  *See United States v. ChevronTexaco Corp.*, 241 F. Supp.

27   2d 1056, 1070 (N.D. Cal. 2002) ("As a general rule, the privilege does not extend to

28   communications between either the client or its attorney and a third party."); *Bittaker v.*

*Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege…."). On this record, the Court sees no basis for CorVel being bound by Sprouts' privilege. Thus, if Sprouts fails to file a brief (as discussed below) asserting both privilege and proving that disclosure to CorVel was not waiver; the Court will deem any privilege that may have existed with respect to the notes listed in Doc. 44 to be waived by Sprouts' disclosure to CorVel.

Additionally, if Sprouts files a brief, Sprouts must also address Plaintiff's three theories for disclosure: 1) that a claim's adjuster incorporating counsel's legal advice into the claims handling decision makes the information discoverable; 2) that claims notes are prepared in the ordinary course of business and, thus, cannot be subject to work product privilege because the notes would have been made regardless of litigation; and 3) that work performed by an attorney that is not legal in nature is not protected by either work product or attorney-client privilege. (Doc. 44 at 4 and cases cited therein).

Finally, if Sprouts files a brief, Sprouts must address why, even if the privilege survives all of the hurdles discussed above, this material is not nonetheless discoverable under *State Farm v. Lee*, 199 Ariz. 52 (2000). (Doc. 44 at 5).

Based on the foregoing,

**IT IS ORDERED** that CorVel must provide a copy of this Order and Doc. 44 to Sprouts within one business day, and file proof of how such notice was given.

**IT IS FURTHER ORDERED** that Sprouts must file a brief, within 14 days, not to exceed 10 pages, discussing all issues addressed above, or the Court will deem whatever privilege Sprouts may have had in the items listed in Doc. 44 to be waived.

/ / /

/ / /

/ / /

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that Plaintiff may file a response brief to Sprouts'

2  brief within 7 days of when Sprouts' brief is filed.  Plaintiff's response brief may not exceed

3  10 pages.

4    Dated this 18th day of December, 2020.

5

6

7

8                                James A. Teilborg
                          Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28